MEMORANDUM **
Nishan Singh petitions for review of the determination of the Board of Immigration Appeals (“BIA”) that adopted the agency’s denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). The BIA adopted the adverse credibility finding of the Immigration Judge (“IJ”) that served as a basis for the denial of the relief Singh requested.
1. “We review the findings of fact, including adverse credibility determinations and the findings underlying the denial of relief, for substantial evidence.” Singh v. Holder, 638 F.3d 1264, 1268-69 (9th Cir. 2011). Because we review this case under the standards that were applicable prior to the enactment of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, inconsistencies in a petitioner’s testimony must go to the heart of the petitioner’s claim to support an adverse credibility finding. Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir. 2003). The IJ relied on a number of alleged inconsistencies, mostly relating to what the IJ found to be differences between Singh’s testimony in 2009 and an asylum officer’s notes *897 from an asylum interview conducted in 2008. We previously have expressed concerns regarding an IJ’s over-reliance on an asylum officer’s notes where, as here, there is no transcript of the interview. See, e.g., Joseph v. Holder, 600 F.3d 1285, 1243 (9th Cir. 2010); Singh v. Gonzales, 403 F.3d 1081, 1089-90 (9th Cir. 2005). We find that the IJ’s reliance on perceived inconsistencies between the asylum officer’s notes from 2003 and Singh’s testimopy in 2009 was not supported by substantial evidence. Though the asylum officer testified before the IJ about his general practice in conducting asylum interviews, this testimony occurred six years after the original asylum interview, and the officer had no specific recollection of his interview of Singh and was unable to corroborate the accuracy of his notes. The asylum interview was not transcribed, and the record does not reflect that Singh had any contemporaneous opportunity to review the notes and confirm that they were consistent with his testimony. When Singh was asked about discrepancies between the asylum officer’s notes and Singh’s subsequent testimony, he consistently averred that his later testimony was accurate and he did not know why the asylum officer notes did not reflect that account. There was thus no basis in the record for the IJ to rely on the asylum officer’s unverified notes instead of Singh’s testimony before the IJ. The remaining inconsistencies relied upon by the IJ did not go to the heart of Singh’s claim. Accordingly, we find that the IJ erred in making her adverse credibility finding.
The IJ’s adverse credibility finding was not based on her doubt as to Singh’s identity, so we need not address that concern here. Nonetheless, to the extent that the IJ’s suspicions about the validity of Singh’s identification card informed the adverse credibility finding, those suspicions were not supported by substantial evidence. “[A]n adverse credibility finding cannot rest on mere speculation or conjecture, such as the IJ’s bare subjective opinion about the authenticity or probity of documents.” Lin v. Gonzales, 434 F.3d 1158, 1162 (9th Cir. 2006). Here, the IJ offered only “speculation as to what an official document should look like, conjecture about the significance of the missing details in the document, and musings as to format of the document,” id. at 1160, to reject Singh’s identity card, without any basis in the record for believing that Singh had falsified his documentation. Moreover, the IJ failed to acknowledge the numerous other documents Singh offered to prove his identity. As such, any doubts as to Singh’s identity and the validity of his identification documentation were based only on speculation and were thus not supported by substantial evidence.
We remand on an open record for the agency to determine Singh’s eligibility for relief.
2. We review factual findings underlying a denial of relief under the Convention Against Torture for substantial evidence. See Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir. 2003); Cole v. Holder, 659 F.3d 762, 770 (9th Cir. 2011). The IJ’s adverse credibility finding influenced the denial of CAT relief. Therefore, we remand for the agency to determine whether Petitioner has proven eligibility for relief.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.